IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CECIL DARNELL ROBINSON,** | ) CASE NO. 7:15CV00308 |
| | ) |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| **GERALD A. MCPEAK,** | ) By: Norman K. Moon |
| | ) United States District Judge |
| **Defendant.** | ) |

Cecil Darnell Robinson, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that a jail superintendant discriminated against him and interfered with his ability to file a criminal complaint, in violation of his constitutional rights. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Robinson's complaint, I conclude that he has not stated any actionable claim against the defendant and, therefore, I will dismiss this case without prejudice.

I.

Robinson is an inmate at the New River Valley Regional Jail ("the jail"). He states that he has been sentenced to more than four years in prison and is awaiting transfer to a state facility. On May 15, 2015, Robinson asked a jail official when he could see a magistrate to file a criminal

complaint against two jail investigators for allegedly attempting to bribe him.[1]  The official, after checking with "master control," informed Robinson that a criminal complaint had to be screened by the jail's superintendant before being processed.[2]  Robinson alleges that the complaint he prepared went to the captain's office, where it sat for three days, which gave the investigators time to "disclose the[ir] side with the magistrate."

Officers took Robinson before a magistrate on May 19, 2015, and he filed his criminal complaint.  The magistrate dismissed the complaint, however, upon not finding probable cause to issue the requested criminal warrant. The magistrate also informed Robinson that in the future, he could mail a criminal complaint directly to the General District Court without having it screened by any jail official.

Robinson alleges that on May 19, 2015, Inmate Dalton, a white man, filed a criminal complaint against an officer and was taken to see the magistrate the next day without waiting three days for his complaint to be screened by the superintendant.  Robinson, an African American inmate, asserts that jail officials' different treatment of this inmate was motivated by race discrimination.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  While an inmate has a constitutional right to reasonable access to both state and federal courts, *Ex Parte Hull*, 312 U.S. 456 (1941), that right extends only to the

---

[1] Specifically, Robinson alleges that the investigators offered him a chance to provide information about other offenders in exchange for dismissal of his charges; after three months, when Robinson had not provided the requested information, the investigators charged him with a misdemeanor

[2] Robinson was told that the superintendent screens criminal complaints only to ensure that they are handled appropriately and not ignored by other jail officials.

2

inmate's enforcement of his "personal rights in civil litigation." *Lopez v. Robinson*, 914 F2d 486, 494 (4th Cir. 1990). That right does not include an obligation for prison officials to transport an inmate to court to allow him to file criminal charges. *Id.* Moreover, a private citizen lacks any judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). At the most, Robinson's right to file a criminal complaint against investigators was delayed by a few days in this instance, whether by jail policy or by happenstance. Such mere delays and inconveniences related to an inmate's ability to exercise his right to access the court do not rise to constitutional proportions. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Similarly, Robinson's complaint about being treated differently than a white inmate fails to state any actionable equal protection violation. Conclusory characterizations of events as "racist," with no facts stated in support, are simply not sufficient to warrant further development in a § 1983 action and may be summarily dismissed. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974).

For the reasons stated, I conclude that Robinson's submissions do not state any claim of constitutional significance actionable under § 1983. Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1).

ENTER: This \_\_25th\_\_ day of June, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3